Albert W. Shields v. Commissioner.
Albert W. Shields v. Commissioner
Docket No. 20746.
United States Tax Court
1951 Tax Ct. Memo LEXIS 137; 10 T.C.M. (CCH) 803; T.C.M. (RIA) 51245; August 20, 1951
*137 Property used in business: Loss. - Held, that since the property sold in the taxable year was used in petitioner's business, it was not a capital asset and the loss sustained is deductible in full under section 23 (e), Internal Revenue Code. Logan Morris, Esq., and Thorpe Nesbit, Esq., 1240 Land Title Bldg. *138 , Philadelphia 10, Pa., for the petitioner. John A. Newton, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The respondent has determined a deficiency of $4,954.32 in petitioner's income tax for the calendar year 1944. The only issue presented is whether respondent erred in determining that a loss in the amount of $12,197.29 sustained on the sale of certain real property constituted a long-term capital loss and not a loss from the sale of property other than a capital asset as claimed on the return. Findings of Fact The stipulated facts are so found. The petitioner is a resident of Wynnewood, Montgomery County, Pennsylvania, and maintains a business office at 123 South Broad Street, Philadelphia, Pennsylvania. His income tax return for the year involved was filed with the collector of internal revenue for the first collection district of Pennsylvania at Philadelphia. Petitioner is a member of the bar, but has not practiced his profession since July 1919. At that time petitioner's father died leaving a will whereby the residue of his estate was left in trust for the benefit of petitioner's mother for life and upon *139 her death 40 per cent of the trust property devolved upon petitioner absolutely and the other 60 per cent remained in trust for the benefit of petitioner's two sisters for life with remainders over. The father's will designated petitioner as executor and trustee. At date of death the father's estate embraced, inter alia, approximately 102 pieces of real property of which 26 were unimproved and 76 were improved. From 1919 until his mother's death on March 11, 1936, petitioner maintained a business office and devoted his entire time to the business of being the active trustee, including the holding and management of trust properties, the collection of rents, the maintenance and repair of improved properties, the improvement of unimproved properties for rental purposes where favorable opportunities presented themselves, and the sale of unimproved and improved properties where conditions warranted. On March 11, 1936, the trust embraced 10 tracts of unimproved property having a value of $128,097 as determined for estate tax purposes and 32 improved properties as to which the ground values amounted to $94,157 and the value of the improvements and cost of subsequent additions amounted *140 to $331,086.53. From 1936 to and including the taxable year 1944, the petitioner continued his activities in the management of the properties left in trust, as theretofore carried on, except that as to 60 per cent thereof he acted as trustee and as to an undivided 40 per cent interest he acted on his own behalf as the individual owner thereof. Further, during that period, several old buildings were demolished and new ones erected and substantial improvements were made on some old structures. Exclusive of the property involved herein, petitioner made improvements on three properties aggregating a cost of about $52,391.55; made sales of numerous properties at losses aggregating about $45,165.58; sold one property at a gain of $13,178; demolished the old buildings on three properties; and one property was sold at a sheriff's sale for a paving claim. During that same period the properties held and managed by petitioner, as trustee as to 60 per cent and as an individual as to 40 per cent thereof, produced annual rentals ranging between low and high amounts of $50,082.08 to $56,549.29 gross and $18,528.02 to $28,179.99 net. At the beginning of 1944 the properties so held and managed by *141 petitioner embraced twenty-two parcels of improved and three parcels of unimproved real estate. Included therein was a parcel of some 43 acres known as Island Road located in the southwest section of Philadelphia. At date of death of petitioner's father that property was subject to a $20,000 mortgage which was paid in full in 1923. For many years prior to 1918 the property was rented as a farm. In 1918 a sale of the property to the United States Shipping Board was negotiated at a price of $2,250 per acre, but was not consummated. Shortly after the father's death vandals demolished and carried off the house, barn, and farm buildings on the property, making it useless for rental as a farm. Thereafter, petitioner continuously had the property listed with real estate brokers for sale or for improvement by the owners for leasing. At an undisclosed date the property was zoned as industrial and during the 1920's and 1930's there were a few large industrial plants and also dwellings in the general area. During the years no favorable offers to purchase were received and the property declined in value. From 1919 to 1944 the property was rented only once, for the month of July 1926 for $200 for *142 a fraternal convention. No other satisfactory offers of rental of the property were received. The property described in the next preceding paragraph was valued at $70,000 in determining the federal estate tax of petitioner's father. In the taxable year 1944 a sale of the property was made to the General Electric Company, the net proceeds amounting to $39,506.77, resulting in a loss of $30,493.23, of which 40 per cent, or $12,197.29, represented a loss sustained by petitioner. On his return for 1944, petitioner claimed a deduction of the full amount of $12,197.29 as a loss on the sale of property other than capital assets. The respondent determined that such loss was a long-term capital loss, resulting in certain adjustments in petitioner's tax liability. For many years prior to and including 1944, the petitioner was regularly engaged in the business, on his own behalf as well as a trustee, of holding and managing numerous parcels of improved and unimproved real properties, of collecting rents, and improving properties for rental purposes or the sale thereof where conditions warranted. The properties used in that business embraced the parcel of acreage sold at a loss during the *143 taxable year. Opinion The issue herein presents a question of fact and our findings are dispositive of the case. Since the parcel of real property involved was "used in the trade or business of the taxpayer", it did not constitute a capital asset as defined by section 117 (a) (1). Internal Revenue Code, as amended by sections 151 (a) and 101 of the Revenue Act of 1942, [1] at the time it was sold in 1944, and the loss sustained is deductible in full under section 23 (e), Internal Revenue Code. John E. Good, 16 T.C. 906. Under the facts we find no sound reason for segregating one parcel of unimproved real property from the numerous properties used in petitioner's regular business, as determined and now contended by respondent. That parcel was continuously held for sale or improvement for rental purposes as conditions warranted as was the case with *144 other properties held, improved, or disposed of in petitioner's business. In our opinion it is immaterial that the property was so situated that a prior sale or improvement by the owners was not warranted. It is clear that the one parcel was not held as an investment. Respondent erred in his determination. Decision will be entered under Rule 50. Footnotes
1. SEC. 117. CAPITAL GAINS AND LOSSES. (a) Definitions. - As used in this chapter - (1) Capital assets. - The term "capital assets" means property held by the taxpayer (whether or not connected with his trade or business), but does not include - * * * real property used in the trade or business of the taxpayer.↩